## EVIDENCE—CARRIERS.

[Hamilton Circuit Court.]

### J. & S. EMISON v. OHIO & MISSISSIPPI RAILROAD CO. ET AL.

1. EVIDENCE OF RECEPTION OF GOODS BY CARRIER.

In an action against a common carrier for loss of grain in transit, the testimony of a witness who has no independent knowledge of the weight of grain shipped, except what was contained in the certificates of weight, is inadmissible to prove the quantity of grain shipped.

2. CERTIFICATE OF WEIGHT.

In such an action a certificate of weight not shown to be an exact copy of the book of original entries, or that it was given in the regular course of business, by one authorized to do so, is inadmissible to prove the delivery of the grain to and reception thereof by the carrier.

3. LIABILITY OF COMMON CARRIER—CONNECTING LINE.

Where one railway company received grain at a certain place and agreed to deliver it to a connecting line, which it did, when by the terms of the contract its responsibility was to cease, and such connecting line was to be responsible for loss on its own line, in the absence of evidence showing that the grain was lost by the connecting road, no action lies against either road for the loss of the grain.

HEARD ON ERROR.

*G. W. Baker*, for the plaintiffs in error.

*Ramsey, Maxwell & Ramsey*, for the railroad companies.

The suit is for the value of corn shipped from Vincennes to Lockland, and lost in transit.

SWING, J.

The judgment of the court of common pleas should be affirmed.

1. After the court took the testimony of the witness, Sullivan, from the jury, there was no evidence before the jury as to the loss of corn as claimed. We think the court did not err in taking Sullivan's testimony from the jury. Fairly considered, his testimony amounted to nothing more than what was contained in the certificates. He had no independent recollection of the weights; all he knew was what was contained in the certificate, and the certificate of weight, we think, was not evidence. The book of original entries would have been, had it been properly proved, as was done in Moots v. State, 21 Ohio St., 653, but it was not shown that the certificate before the jury, and from which the witness, Sullivan, was testifying, was an exact copy, or that it was given in the regular course of business by one authorized to do so.

2. The action was against both the Ohio & Mississippi and the Cincinnati Hamilton & Dayton railroad companies, and it was alleged in the petition that the defendants received the corn at and that they agreed to deliver it at Lockland. The proof showed that the Ohio & Mississippi Railroad Company received the corn at Vincennes, and agreed to deliver it to a connecting line, to be by it delivered at Lockland, and that it did deliver the corn to the Cincinnati, Hamilton & Dayton Railroad Company, as such connecting line, and by the terms of the contract the responsibility of the Ohio & Mississippi Railroad Company was to cease when it delivered the corn to a connecting line, and such connecting line was to be responsible for loss occurring on its own line. There was no testimony tending to show any loss while on the line of the Ohio & Mississippi Railroad Company, and there was no evidence tending to show what was alleged in the petition, viz., that the said Cincinnati, Hamilton & Dayton Railroad Company received said goods at Vincennes, and agreed to carry them to Lockland, Ohio. Undoubtedly, what it did was to receive the car of corn at its connection with the Ohio & Mississippi Railroad from said railroad company, for transportation to Lockland. But this was not the claim against it.

This, together with the want of any evidence showing the loss of any corn—which was the way the case stood after the ruling out of Sullivan's evidence—left no case against either company. The judgment must therefore be affirmed.